**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| JENNIFER SCHMITZ,<br><br>Plaintiff,<br><br>v.<br><br>YELLOW SOCIAL INTERACTIVE, LIMITED, and YSI US, INC.,<br><br>Defendants. | Case No. ____________ |

# NOTICE OF REMOVAL

Defendants Yellow Social Interactive, Limited ("YSI") and YSI US, INC. ("YSI US"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby specially appear for the purpose of this removal and, preserving all defenses, removes this civil action to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division from the Circuit Court for Fond du Lac County (Case No. 2026-CV-000473).

## I. OVERVIEW

1. On September 14, 2026, Plaintiff filed suit against Defendants in the State of Wisconsin Circuit Court for Fond du Lac County, Case No. 2026-CV-000473.

2. Pursuant to section 1446(a), Defendants have filed herewith, as **Exhibit A**, a copy of all process, pleadings, and orders on file with the Fond du Lac County Circuit Court. Defendants have not filed responsive pleadings in the Fond du Lac County Circuit Court, in advance of removing the case to this Court.

3. Counsel for Defendants accepted service of the Complaint on September 23, 2026. (*See* Ex. A, at p. 3-4 (Admission and Acceptance of Service.) Accordingly, this Notice of Removal, filed within 30 days of service, is timely. *See* 28 U.S.C. § 1446(b).

4. A copy of this Notice of Removal will be filed with the Fond du Lac County Circuit Court, and a copy will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

5. Plaintiff's allegations against Defendants claim violations of: Wis. Stat. § 895.056; Wis. Stat. § 100.18; Wis. Stat. § 806.04; and Wisconsin common law in the form of breach of contract and unjust enrichment, arise from Defendants' publication of online games, which Plaintiff claims are part of an illegal gambling website under Wisconsin law. (Ex. A, Compl., ¶¶ 73-112.)

6. Removal in this case is based upon 28 U.S.C. §§ 1332 and 1441(a). As set forth below, removal is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because there is complete diversity among all parties.

## II. JURISDICTION AND VENUE

7. By removing this action, Defendants do not consent to this Court's exercise of personal jurisdiction over them in this action, and reserve the right to move for dismissal on that ground. *See William Ryan Homes of WI, Inc. v. Heritage Dev. of WI, LLC*, No. 15-CV-981, 2007 WL 1960625, at *1 (E.D. Wis. June 29, 2007) ("A defendant does not waive any defense or objection to personal jurisdiction . . . simply by removing an action from state court."); *Benda v. Per-Se Techs., Inc.*, No. 04-CV-952, 2004 WL 1375361, at *3 (N.D. Ill. June 17, 2004) (holding that plaintiff's argument that removing to federal court waived defendant's personal jurisdiction defense "fails as a matter of law"); *see also* Fed. R. Civ. P. 12(b)(5) (defense of "insufficient service of process" not waived by removal).

8. Subject matter jurisdiction is based on this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides the Court with "original jurisdiction of all civil actions

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state."

9. Venue is proper in the Eastern District of Wisconsin (Milwaukee County), because the state court action was filed in the State of Wisconsin Circuit Court for Fond du Lac County. Thus, this Court is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. GROUNDS FOR REMOVAL

10. Removal of this case is proper under 28 U.S.C. sections 1441(a), 1441(b), and 1332(a). Together, these statutes allow for the removal of any civil action between "citizens of a State and citizens or subjects of a foreign state" where the amount in controversy exceeds $75,000, provided that no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

11. All requirements are met in this case. The amount in controversy exceeds $75,000, and there is complete diversity between the parties.

### A. The Amount in Controversy Exceeds $75,000

12. The "amount in controversy" element of diversity jurisdiction requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

13. The Court may accept the plaintiff's alleged damages for the purpose of calculating the matter in controversy for diversity jurisdiction. *Sabrina Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017) (holding that courts "generally accept the plaintiff's good faith allegations of the amount in controversy to establish diversity jurisdiction").

14. Here, in Count II alone, Plaintiff seeks pecuniary loss "presently calculated at $351,509.00," along with costs and attorneys' fees. (Ex. A, Compl., Prayer for Relief.) Accordingly, the amount in controversy requirement for removal is satisfied before even considering Plaintiff's remaining counts.

**B. <u>Complete Diversity Exists Between The Parties</u>**

15. Complete diversity of citizenship exists because Plaintiff is domiciled in Wisconsin and Defendants are neither incorporated nor headquartered in Wisconsin. 28 U.S.C. § 1441(b).

16. At the time this action was commenced, Plaintiff was domiciled in Mount Calvary, Wisconsin. (Ex. A, Compl. ¶ 1.) Thus, Plaintiff is a citizen of Wisconsin for purposes of diversity jurisdiction. *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) ("A natural person is a citizen of the state in which she is domiciled.") (citation omitted).

17. At the time this action was commenced, YSI was and remains a foreign company incorporated and existing under the law of Gibraltar, with its principal place of business in Gibraltar. (Ex. A, Compl. ¶ 2; Decl. ¶ 3.) YSI US was and remains a foreign company incorporated and existing under the law of Delaware, with its principal place of business in Delaware. (Decl. ¶ 4.) Thus, for purposes of diversity, Defendants are citizens of a foreign state. 28 U.S.C. § 1332(c)(1).

18. Thus, there is complete diversity between the parties. Accordingly, removal is proper pursuant to 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a).

## IV. CONCLUSION

19. Removal of this action is proper under 28 U.S.C. §§ 1441 and 1332.

20. Should Plaintiff move to remand the case, Defendants respectfully request an opportunity to respond more fully in writing, including the submission of additional declarations and authority.

21. Defendants reserve all of their defenses.

WHEREFORE YSI and YSI US remove this action from the Circuit Court for Fond du Lac County, State of Wisconsin, to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division. This Notice has been served on all counsel of record on the date and manner stated in the Certificate of Service.

Respectfully Submitted,

Dated: October 22, 2026

**DUANE MORRIS LLP**

By: */s/ William M. Gantz*
William M. Gantz

Attorneys for Defendants
YELLOW SOCIAL INTERACTIVE, LIMITED.
and YSI US, INC.

William M. Gantz (admitted in U.S.
District Court for the Eastern District
of Wisconsin)
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, MA 02110
Phone: 857-488-4234
bgantz@duanemorris.com

Andrew P. Quay (*pro hac vice* forthcoming,
WI Bar # 1138234)
**DUANE MORRIS LLP**
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Phone: 312-499-0185
aquay@duanemorris.com